IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AURORA COOPERATIVE ELEVATOR COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> AVENTINE RENEWABLE ENERGY HOLDINGS, INC., AVENTINE RENEWABLE ENERGY – AURORA WEST, LLC, <br> Defendants. | 4:14-CV-3032 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on the Motion for Partial Reconsideration (filing 51) filed by plaintiff Aurora Cooperative Elevator Company ("Aurora"). Aurora seeks reconsideration of the Court's order of November 25, 2014, denying Aurora's motion for a temporary restraining order (filing 48). Aurora does not ask the Court to reconsider its ultimate ruling but rather, to remove or revise a portion of the order that "that might be construed to bear on the jurisdiction of the Nebraska Public Service Commission ('the Commission') to rule in an action currently pending between the parties." Filing 52 at 2.

In its previous order, the Court found that the public interest would not be served by granting Aurora the injunctive relief it sought. This finding was based in part on the Court's determination that the public would be better served by allowing NELLC's ethanol facility to remain productive. Filing 48 at 11. And the Court reasoned that the public interest is also served when businesses are able to make efficient use of all available means of transportation. The Court then noted that this latter public interest was embodied in Nebraska law:

> By statute, Nebraska law favors allowing railroads—even private railroads—to cross one another where needed.
>
> > Each owner of a railroad may cross, intersect, join, and unite its railroad with any other railroad at any point on its route and upon the grounds of the owner of such other

railroad with the necessary turnouts, sidings, and switches and other conveniences in furtherance of the objects of its connection.

Neb. Rev. Stat. § 75-428; *see also* Neb. Rev. Stat. § 75-402(2) (defining "railroad" as any railroad track located within the State of Nebraska).

Filing 48 at 11–12.

Aurora asks the Court to reconsider this portion of its previous order, to the extent that it might imply that the Commission has the power to compel a private party such as Aurora to provide access to a private rail track. That very issue is currently pending in a proceeding before the Commission between defendants and Aurora.

The Court's observation regarding Neb. Rev. Stat. § 75-428 was not essential to the reasoning of its previous order. Nor was it essential to the Court's finding that Aurora's request for injunctive relief would not serve the public interest. The Court did not intend to express an opinion on the jurisdiction of the Commission. So, the Court will grant Aurora's motion in part, and deny it in part. The previous order will not be revised or amended. But the Court will state, for the sake of clarity, that its previous order should not be construed as providing any substantive interpretation of Neb. Rev. Stat. § 75-428, as that issue was neither briefed nor submitted to the Court for resolution.

THEREFORE, IT IS ORDERED:

1.   Aurora's Motion for Partial Reconsideration (filing 51) is granted in part and denied in part, as set forth above.

Dated this 4th day of December, 2014.

BY THE COURT:

John M. Gerrard
United States District Judge

- 2 -