IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AURORA COOPERATIVE ELEVATOR COMPANY,<br><br>                    Plaintiff,<br><br>      vs.<br><br>AVENTINE RENEWABLE ENERGY HOLDINGS, INC., AVENTINE RENEWABLE ENERGY - AURORA WEST, LLC,<br><br>                    Defendants. | 4:14CV3032<br><br>MEORANDUM AND ORDER |

The plaintiff has moved to amend its complaint. (Filing No. 60). For the reasons discussed below, the motion will be granted.

Plaintiff Aurora Cooperative Elevator Company ("Co-op") filed this lawsuit against Aventine Renewable Energy Holdings, Inc. ("Aventine Holdings") and Aventine Renewable Energy – Aurora West, LLC (collectively "Aventine") on February 4, 2014. The Co-op's initial complaint alleged that under the parties' contract, Aventine obtained access from its Aurora West Ethanol Plant ("Plant") to a Burlington Northern main line track via a rail line that crossed Aurora's land (the "Double Track Loop Agreement"). The complaint alleges that in exchange for this rail line access, Aventine agreed to purchase the grain needed for Plant operations from the Co-op (the "Aventine Grain Supply Agreement"). The complaint alleges that the Double Track Loop Agreement would terminate immediately (and the Co-op could thereby terminate Aventine's rail access across the Co-op's land) if either the Co-op or Aventine terminated the Aventine Grain Supply Agreement. The Co-op's initial complaint alleges Aventine purported to unilaterally terminate the Grain Supply Agreement and seeks a declaration that as a result of terminating that Agreement, Aventine is not permitted to use the rail line and switch located on the Co-op's land for any purpose. The Co-op also seeks an order enjoining Aventine's future use of that track and switch. (Filing No. 1).

Aventine moved to dismiss, (Filing No. 20), and while that was pending, the Co-op moved for a temporary restraining order to avert a looming Friday-night confrontation between the parties at the track site. (Filing No. 34). On Friday, November 21, 2014, while Aventine's motion to dismiss was still pending, Aventine moved machinery and equipment into place to begin removing a section of the Exterior Track Loop and install a "diamond crossing" ("the Diamond Crossing") in its place. (Filing No. 48, at CM/ECF p. 3). See also Filing No. 60-1, at ¶¶ 7-8, 59-63.

Judge Gerrard denied the Co-op's motion for a restraining order, stating the Co-op produced no evidence refuting the claim of Nebraska Energy, LLC, ("NELLC") an affiliate of Aventine, that the Diamond Crossing would benefit NELLC's use of the property. (Filing No. 48, at CM/ECF p. 7). Judge Gerrard's order stated, however, that Aurora Co-op might be entitled to relief if Aventine's and NELLC's use of the Diamond Crossing could be shown to interfere with Aurora Co-op's use and enjoyment of the property. (Filing No. 48, at CM/ECF p. 9). Judge Gerrard held:

> The modification of the tracks themselves will not significantly affect Aurora's ability to use the Subject Premises—so long as Aventine and NELLC provide Aurora with reasonable notice of any construction project, and so long as any resulting downtime of the Exterior Loop does not significantly interfere with Aurora's business. And the Court finds that the proposed use of the new crossing by Aventine and NELLC—for a total of approximately 6 hours each week—cannot, by any stretch of the imagination, be considered "materially adverse" to Aurora's right to the use and quiet enjoyment of the Subject Premises.

(Filing No. 48, at CM/ECF p. 7).

In the aftermath of that ruling, the Co-op's motion seeks leave to file an amended complaint which adds NELLC as a party, and adds a claim for declaratory relief and for an injunction prohibiting Aventine and NELLC from sending rail cars over the Diamond Crossing. (Filing No. 60; Filing No. 60-1, at CM/ECF p. 24). The proposed amended

complaint alleges the use of the Diamond Crossing by Aventine and NELLC interferes with the Co-op's right to quiet enjoyment of the Exterior Loop.  (Filing No. 60-1, at ¶ 72, 75-76.)

Aventine opposes the motion to amend, claiming the Co-op's proposed amendments, either "fail to state a claim for which relief can be granted or are not ripe for declaratory judgment because no active controversy exists."  (Filing No. 62, at CM/ECF p. 2).  Aventine claims that "to the extent the Co-op's proposed amendments seek to reverse the installation of the Diamond Crossing and enjoin the usage of the Diamond Crossing . . . , the Co-op's proposed amendments are futile because they fail to state a claim for which relief can be granted under either the Double Track Loop Agreement or the NELLC Easement Agreement." (Filing No. 62, at CM/ECF p. 6).  And no active controversy exists at this time because Judge Gerrard has already ruled that Aventine's anticipated use is not materially adverse to the Co-op's right to quiet enjoyment of its easement.  (Filing No. 62, at CM/ECF p. 7).

The motion before this court is a motion to amend a complaint.  When reviewing such motions, "a court assumes all facts in the complaint to be true and construes reasonable inferences most favorably to the complainant."  U.S. ex rel. Raynor v. National Rural Util., 690 F.3d 951, 955 (8th Cir. 2012).  A motion for leave to amend on the basis of futility means the district court has "reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6)."  Moody v. Vozel, 771 F.3d 1093, 1095-96 (8th Cir. 2014) (internal citations omitted).

The Co-op's proposed complaint alleges that the construction and use of the Diamond Crossing by Aventine and NELLC will interfere with Aurora Co-op's right to quiet enjoyment and use of its easement, that Aventine and NELLC intend to expand that usage even further, and this use of the Diamond Crossing not only interferes with the Co-op's use, but violates the NELLC Easement and Use Agreement because the Diamond Crossing "is not necessary or desirable for the safety, protection, operation, or preservation of the real

3

estate owned by NELLC or the easement granted to Aurora Co-op." (Filing 60-1 at ¶¶ 74-77.) The amended complaint alleges that Aventine has refused to confirm that the statements of anticipated use made at the TRO hearing were or remain accurate. Considered in the totality, the proposed amended complaint provides sufficient information to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). The allegations within the proposed complaint are sufficient to allege a claim that Aventine's and NELLC's use and anticipated use of the Diamond Crossing violates the Co-op's common law and contractual right to quiet enjoyment of the Exterior Loop.

Aventine claims the court has already ruled against the Co-op and its proposed new allegations, and absent any claim that Aventine has or will use the Diamond Crossing more frequently than discussed at the TRO hearing, the plaintiff's claims have already been considered and rejected by the court and no justiciable controversy exists. (Filing No. 62, at CM/ECF p. 7). Aventine therefore claims the motion to amend must be denied as futile.

Given the limited purpose of TRO hearings, and "the haste that is often necessary if [the parties'] positions are to be preserved," the procedures implemented are less formal and the ruling is made based on evidence that is less complete than a trial on the merits. As such, the findings of fact and conclusions of law made on a motion for temporary restraining order are not binding at a trial on the merits. Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981) (discussing preliminary injunction rulings). At the TRO stage of this case, Judge Gerrard relied on the affidavit of Aventine's CEO, Mark Beemer, when assessing Aventine's anticipated use of the Diamond Crossing and the impact of that use on the Co-op. (Filing No. 48, at CM/ECF p. 3; Filing No. 60-1, ¶¶ 67-68). Beemer did not testify live, and the Co-op was not afforded the opportunity to cross-examine him or otherwise challenge (with the benefit of discovery) the veracity of Aventine's statements. Under such circumstances, using Judge Gerrard's TRO ruling as the basis for denying the Co-op's motion to amend as futile

would improperly convert the TRO ruling into a final determination, wholly undermining the Co-op's right to fully and fairly litigate that issue.

Accordingly,

IT IS ORDERED:

1) The Co-op's motion to amend, (Filing No. 60), is granted. The Co-op's amended complaint, a copy of which is attached to its motion, shall be filed on or before **June 22, 2015**.

2) The Co-op shall promptly serve NELLC.

3) Counsel for the parties shall confer and, on or before **July 29, 2015**, they shall jointly file a Form 35 (Rule 26 (f)) Report, a copy of which can be found at http://www.ned.uscourts.gov/forms in Word and WordPerfect format.

4) If one or more of the parties believes a planning conference is needed to complete the Rule 26(f) Report, or if the parties cannot agree on one or more of the deadlines identified or case progression issues raised in the Rule 26(f) Report, on or before **July 22, 2015**, a party shall contact my chambers at (402) 437-1670, or by email addressed to zwart@ned.uscourts.gov, to arrange a conference call.

June 18, 2015.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.